UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

DEXTER L. WILLIAMS            )
                              )
   *Petitioner*,             )
                              )
v.                            )   No.:   3:06-cv-103
                              )          (VARLAN/GUYTON)
VIRGINIA LEWIS, Warden        )
                              )
   *Respondent*.             )

**MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent and the petitioner's motion for summary judgment in response and petitioner's motion to amend the petition. For the following reasons, the petitioner's motion for summary judgment [Court File No. 6] and his motion to amend [Court File No. 7] will be **DENIED**; the respondent's motion to dismiss [Court File No. 4] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Dexter L. Williams ("Williams") challenges his 1993 Blount County conviction for first degree murder. The Attorney General moves to dismiss the habeas corpus petition as untimely.

Williams was convicted by a jury of first degree murder and received a life sentence. His conviction was affirmed on direct appeal. *State v. Williams*, No. 03C01-9312-CR-00390,

1995 WL 9357 (Tenn. Crim. App. January 9, 1995), *perm. app. dismissed, id.* (Tenn. February 5, 1996), *perm. app. denied, id*. (Tenn. February 1, 1999).[1]

Williams next filed a petition for post-conviction relief, which was ultimately found to be time-barred. *Williams v. State*, No. E2004-01267-CCA-R3-PC, 2005 WL 2148626 (Tenn. Crim. App. September 7, 2005), *perm. app. denied, id.* (Tenn. December 19, 2005). Williams filed the pending habeas corpus petition on March 9, 2006.[2] The respondent moves to dismiss the petition based upon the statute of limitation.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the only time constraint for a state prisoner to file a § 2254 habeas corpus petition was if the respondent had been prejudiced in responding to the petition because of the delay in filing. Rule 9(a) of the Rules Governing Section 2254 Cases In The United States District Courts. As a result of the AEDPA, however, state prisoners now have one year in which to file a § 2254 petition.

Section 101 of the AEDPA amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he

---

[1]Williams filed two untimely applications for permission to appeal to the Tennessee Supreme Court, both of which were dismissed.

[2]The petition was received by the Clerk's Office on March 13, 2006. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on March 9, 2006. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Because Williams's sentence was imposed prior to the AEDPA, the time for filing a § 2254 petition in this court expired on April 24, 1997, which was one year from the effective date of the AEDPA.  *Hyatt v. United States*, 207 F.3d 831 (6th Cir. 2000); *Brown v. O'Dea*, 187 F.3d 572, 575 (6th Cir. August 5, 1999).  Since William's state post-conviction petition was dismissed as untimely, it was not a "properly filed" petition and thus could not extend the time for filing a habeas corpus petition in federal court.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Israfil v. Russell*, 276 F.3d 768, 771-772 (6th Cir. 2001).  Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation.

In response to the motion to dismiss, Williams filed a motion for summary judgment in which he asked the court to deny the motion to dismiss because it was untimely.  In the motion to dismiss, the respondent concedes that the motion was filed three days after the response date ordered by the court.  The respondent states that the motion was late due to an error in calendaring and requests the court to accept the motion out-of time.  The respondent's request is well-taken and Williams' motion for summary judgment will be **DENIED**.

Williams has also filed a motion to amend the record, to include additional case law in support of his habeas corpus petition.  The court having determined that the habeas petition is time-barred, there is no need to supplement the record.  The motion to amend will be **DENIED**.

The respondent's motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE